IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN H. POPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-00587-DGK |
| | ) | |
| TEMP-CON, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REMANDING CASE FOR LACK OF JURISDICTION**

This case arises out of an allegation by Plaintiff Stephen H. Pope that Defendant Temp-Con, LLC wrongfully discharged him. Plaintiff initially filed his complaint in state court, and Defendant timely removed to this Court (Doc. 1). Now before the Court is the parties' joint motion for remand for lack of subject-matter jurisdiction (Doc. 12). Their motion is GRANTED.

As a federal court of limited jurisdiction, this Court may only hear cases properly before it. Under 18 U.S. § 1332(a)(1), a federal court may hear a case when the parties are "citizens of different states" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." The party invoking federal jurisdiction bears the burden of affirmatively establishing it. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). A wrongfully removed case must be remanded "if it appears that the district court lacks subject matter jurisdiction." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (citing 28 U.S.C. § 1447(c)).

At the time of removal, Defendant alleged this case was properly before the court because the parties were diverse and the amount in controversy exceeded $75,000. Upon further consideration, however, the parties assert they are not diverse as both are citizens of the state of

Missouri.  This lack of diversity between the parties strips this Court of jurisdiction.  Thus, this case is REMANDED, and all pending motions are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date:  September 10, 2020              /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT